UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Endurance American Specialty Insurance Company as lead underwriter for a market of insurers a/s/o<br>JBG Smith Properties<br>1209 Orange Street<br>Wilmington, DE  19801<br><br>      Plaintiff,<br><br>v.<br><br>Dell Inc.<br>1 Dell Way<br>Round Rock, Texas 78682<br><br>And<br><br>Panasonic System Solutions Company of North America<br>Two Riverfront Plaza, 6th Floor<br>Newark, New Jersey 07102-5490<br><br>      Defendants. | TRIAL BY JURY DEMANDED<br><br>CIVIL ACTION NO.:  1:21-cv-3032 |

## **COMPLAINT AND JURY DEMAND**

Now comes the above-named Plaintiff, by and through its attorneys, and as for its Complaint sets forth its cause of action against the above-named Defendant, and alleges and shows to the Court as follows:

1. Plaintiffs Endurance American Specialty Insurance Company, Ace American Insurance Company, Liberty Mutual Fire Insurance Company, Westport Insurance and Continental Casualty Company are property insurance carriers that provided insurance coverage to JBG Smith Properties (hereinafter, "JBG").

2.      At all times material hereto, Endurance American Specialty Insurance Company, Ace American Insurance Company, Liberty Mutual, Westport Insurance and CNA provided property and business insurance to JBG applicable to the premises located at the Atlantic Plumbing Apartments at 2112 8th Street NW, Washington, D.C.

3.      Endurance American Specialty Insurance Company (hereinafter, "Plaintiff Endurance") is, and at all relevant times was, an insurance company duly organized and existing under the laws of the State of Delaware with a principal place of business located at 1209 Orange Street, Wilmington, Delaware, 19801.

4.      Ace American Insurance Company is, and at all relevant times was, an insurance company duly organized and existing under the laws of the State of Pennsylvania with a principal place of business located at 510 Walnut Street, Philadelphia, PA  19106.

5.      Liberty Mutual Fire Insurance Company is, and at all relevant times was, an insurance company duly organized and existing under the laws of the State of Massachusetts with a principal place of business located at 175 Berkeley Street, Boston MA  02116.

6.      Westport Insurance Corporation is, and at all relevant times was, an insurance company duly organized and existing under the laws of the State of Connecticut with a principal place of business located at 2 Waterside Crossing, Ste. 200, Windsor, CT 06095.

7.      Continental Casualty Company (hereinafter, "Plaintiff CNA") is, and at all times material or relevant was, an insurance company duly organized and existing under the laws of the State of Illinois with a principal place of business located at 151 North Franklin Street, Chicago, Illinois, 60606.

8.      JBG Smith Properties (hereinafter, "JBG") is, and at all times relevant was, a company organized and existing under the laws of the State of Maryland with a principal place of business at 445 Willard Avenue, Suite 400, Chevy Chase, Maryland 20815.

9.      Upon information and belief, Defendant Dell Inc. (hereinafter, "Defendant Dell"), is, and at all relevant times was, a company organized and existing under the laws of the State of Texas authorized to transact, and transacting business in the State of Maryland with a principal place of business located at 1 Dell Way, Round Rock, Texas 78682.

10.     Upon information and belief, Defendant Panasonic System Solutions of North. America (hereinafter, "Defendant Panasonic") is, and at all relevant times was, a company organized and existing under the laws of the State of New Jersey authorized to transact, and transacting business in the State of Maryland with a principal place of business located at Two Riverfront Plaza, 6th Floor, Newark, New Jersey 07102-5490.

**VENUE AND JURISDICTION**

11.     This litigation relates to property damages sustained to the Atlantic Plumbing Apartments located at 2112 8th Street, NW, Washington, DC 20001, as described below.

12.     This Court has subject matter jurisdiction of this action under *28 U.S. Code §1332(a)* in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States constituting complete diversity in that the Plaintiff is not a citizen of the same State as the Defendants and Defendants are subject to personal jurisdiction in this District regarding the claims asserted herein against them.

13.     Venue is proper in the District of Washington, DC under *28 U.S. Code §1332(a)(2)* in that all Defendants do not reside in the same State and a substantial part of the

events or. omissions giving rise to the claims asserted herein occurred in this District.

## STATEMENT OF FACTS

14.     Plaintiff's insured, JBG Smith Properties, is the owner of the Atlantic Plumbing Apartments located at 2112 8th Street, NW, Washington, DC 20001 (the "Subject Property").

15.     On or about January 24, 2020, a fire occurred in apartment #806 in the Atlantic Plumbing Apartments located at 2112 8th Street, NW, Washington, DC 20001.

16.     The fire originated out of a Dell laptop computer owned by a resident of the Subject Property, Christopher Reed.

17.     The Dell laptop computer was left on a couch in the residence.

18.     While on the couch, the battery within the Dell laptop computer failed and exploded causing the couch to ignite.

19.     The battery powering the Dell laptop computer was a 6 cell, lithium-ion battery manufactured by Panasonic.

20.     Information shown on the battery pack read "Dell 60Wh Standard Rechargeable Li-Ion Battery / Type T54FJ/ 11.1 V / Battery Made in Japan / Final Assembly in China.

21.     This ignition resulted in the sprinkler system being activated.

22.     The water from the sprinkler system caused substantial damage to approximately 30 units, the bike room, the storage room and the laundry room of the Subject Property.

23.     As a result of the of the fire, the Subject Property suffered extensive damages.

24.     As a result of the resulting property damage, Plaintiff made payments to its insured in the sum of $445,633.05, and is legally, contractually, and equitably subrogated to the rights of its insured, and asserts all rights of its insured in this action.

25.     Additionally, JBG Smith incurred an $100,000.00 deductible.

26.     The loss was due solely to the negligence and carelessness of Defendants and was due in no manner whatsoever to any actor failure to act on the part of Plaintiff or its insured, JBG Smith Properties.

## COUNT 1 – STRICT PRODUCTS LIABILITY
## PLAINTIFF V. DELL INC.

27.     Plaintiff re-alleges each and every allegation contained in the above paragraphs of this Complaint, as if fully rewritten.

28.     At all times material or relevant hereto, Defendant Dell was engaged in the business of the design, development and manufacturing of personal computers for sale to and use by members of the general public, and. as part of its business designed, developed, manufactured, distributed and sold the laptop computer which was discovered as the origin of the fire at Plaintiff's property.

29.     Defendant Dell had a duty to use due care in the design, development, manufacturing and distribution of the laptop computer so that the product was not defective.

30.     The laptop computer and the lithium-ion rechargeable battery contained within at the time it was sold was unreasonably dangerous and unsuitable for its intended use by reason of defects in its design and/or manufacture.

31.     At all relevant times, the laptop computer and the lithium-ion rechargeable battery contained within, was marketed, sold and distributed by Defendant Dell in an unreasonably dangerous and defective condition that rendered the product unsuitable for its intended and reasonably foreseeable use.

32.     On or about January 24, 2020, a resident at Plaintiff's property was using the Dell laptop computer in the manner intended. During the course of this use and as a proximate result of the defects described herein, the defective Dell laptop computer and the lithium-ion

rechargeable battery contained within failed, resulting in damage to the Subject Property.

33.     Each of the above-referenced acts and omissions, separately or in combination with others, constitutes strict products liability on the part of Defendant Dell and is a direct and proximate cause of the damages result of the damages suffered by Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, Plaintiff Endurance American Specialty Insurance Company, a/s/o JBG Smith Properties and as lead insurer for the insurers providing coverage, demands judgment against Defendant Dell Inc., for damages in the amount of $445,633.05, reasonable costs incurred as a result of this lawsuit, pre- and post-judgment interest as provided by law, and further relief as the Court may deem just and reasonable.

## COUNT II – NEGLIGENT PRODUCTS LIABILITY
## PLAINTIFF V. DELL INC.

34.     Plaintiff re-alleges each and every allegation contained. in the above paragraphs of this Complaint, as if fully rewritten.

35.     At all times material and relevant hereto, Defendant Dell had a duty to use care in the design, development, manufacturing and distribution of the laptop computer so that those products were not defective.

36.     Defendant Dell breached its duty by placing the defective laptop computer and the lithium-ion battery contained within into the stream of commerce when it either knew or should have known of the defective nature of the laptop computer, and the potential harm to members of the general public and to the Plaintiff.

37.     Defendant Dell had a duty to act responsibly under the circumstances and take all reasonable steps to protect the Subject Property from damage, such as that which occurred on

January 24, 2020.

38.     The negligent acts of Defendant Dell consist of the following

       a.  Failing to properly manufacture the laptop computer and the lithium-ion rechargeable battery;

       b.  Failing to properly design the laptop computer and the lithium-ion rechargeable battery;

       c.  Failing to properly inspect the laptop computer and the lithium-ion rechargeable battery;

       d.  Failing to protect the subject property from damage;

       e.  Failing to employ and select competent subcontractors, agents, servants and employees;

       f.  Failing to supervise its employees and/or subcontractors and to ensure proper methods were being used;

       g.  Failing to supervise, train, and/or improve the methods used its. employees and/or subcontractors;

       h.  Failing to exercise the care, caution, and diligence required under the circumstances;

       i.  Failing to exercise the due care, caution, and diligence required in the hiring, supervising, and training of employees and/or subcontractors required under the circumstances;

       j.  Failing to protect property from damage as a result of negligent supervision and training of its employees and/or subcontractors;

       k.  Failing to perform its work in conformance with the applicable standard of care, applicable codes, rules and regulations.

39.     Each of the above-referenced acts and omissions, separately or in combination with others, constitutes negligence on the part of Defendant Dell and is a direct and proximate cause of the damages result of the damages suffered by Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, Plaintiff Endurance American Specialty Insurance Company, a/s/o JBG Smith Properties and as lead insurer for the insurers providing coverage, demands judgment against Defendant Dell Inc,. for damages in the amount of $445,633.05, reasonable costs incurred as a result of this lawsuit, pre- and post-judgment interest as provided by law, and further relief as the Court may deem just and reasonable.

## COUNT III – STRICT PRODUCT LIABILITY
## PLAINTIFF V. PANASONIC CORPORATION

40.    Plaintiff re-alleges each and every allegation contained in the above paragraphs of this Complaint, as if fully rewritten.

41.    At all times material and relevant hereto, Defendant Panasonic was engaged in the business of the development, manufacturing and sale of electrical products, such as Type NCR MH12210 lithium-ion battery cell found within a 60Wh Standard Rechargeable Li-Ion Battery of a Dell laptop computer, for sale to and use by members of the general public. and, as part of its business, developed, manufactured and sold the lithium-ion battery of the Dell laptop computer for use at the Plaintiff's property.

42.    Defendant Panasonic had a duty to use due care in the development, manufacturing, selling, marketing and distributing the Lithium-Ion battery so that the product was not defective.

43.    The rechargeable lithium-ion battery at the time it was sold was unreasonably dangerous and unsuitable for its intended use by reasons of defects in its design and/or manufacture.

44.    At all relevant times, the rechargeable lithium-ion battery was developed, manufactured, marketed, sold and distributed by Defendant Panasonic in an unreasonable dangerous and defective condition that. rendered the product unsuitable for its intended and reasonably foreseeable use.

45.    On or about January 24, 2020, a resident at the Subject Property was using the rechargeable lithium-ion battery in the manner intended. During the course of this use and as a proximate result of the defects described herein, the defective the lithium-ion rechargeable

battery failed, resulting in damage to the Subject Property.

WHEREFORE, Plaintiff Endurance American Specialty Insurance Company, a/s/o JBG Smith Properties and as lead insurer for the insurers providing coverage, demands judgment against Defendant Dell Inc. for damages in the amount of $445,633.05, reasonable costs incurred as a result of this lawsuit, pre- and post-judgment interest as provided by law, and further relief as the Court may deem just and reasonable.

## COUNT IV. – NEGLIGENT PRODUCT LIABILITY
## PLAINTIFF V. PANASONIC CORPORATION

46.     Plaintiff re-alleges each and every allegation contained in the above paragraphs of this Complaint, as if fully rewritten.

47.     At all times material and relevant hereto, Defendant Panasonic had a duty to use care in the design, development, manufacturing and distribution of the rechargeable lithium-ion battery so that those products were not defective.

48.     Defendant Panasonic breached its duty by placing the defective lithium-ion rechargeable battery into the stream of commerce when it either knew or should have known of the defective nature of the battery, and the potential harm to members of the general public and to the Plaintiff.

49.     Defendant Panasonic had a duty to act responsibly under the circumstances and take all reasonable steps to protect the Subject Property from damage, such as that which occurred on January 24, 2020.

50.     The negligent acts of Defendant Panasonic consist of the following:

a. Failing to properly manufacture the lithium-ion rechargeable battery;
b. Failing to properly design the lithium-ion rechargeable battery;
c. Failing to properly inspect the lithium-ion rechargeable battery;
d. Failing to protect the subject property from damage;

     e.   Failing to employ and select competent subcontractors, agents, servants and employees;

     f.   Failing to supervise its employees and/or subcontractors and to ensure proper methods were being used;

     g.   Failing to supervise, train, and/or improve the methods used its. employees and/or subcontractors;

     h.   Failing to exercise the care, caution, and diligence required under the circumstances;

     i.   Failing to exercise the due care, caution, and diligence required in the hiring, supervising, and training of employees and/or subcontractors required under the circumstances;

     j.   Failing to protect property from damage as a result of negligent supervision and training of its employees and/or subcontractors;

     k.   Failing to perform its work in conformance with the applicable standard of care, applicable codes, rules and regulations.

51.    Each of the above-referenced acts and omissions, separately or in combination with others, constitutes negligence on the part of Defendant Panasonic and is a direct and proximate cause of the damages result of the damages suffered by Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, Plaintiff Endurance American Specialty Insurance Company, a/s/o JBG Smith Properties and as lead insurer for the insurers providing coverage, demands judgment against Defendant Panasonic Corporation for damages in the amount of $445,633.05, reasonable costs incurred as a result of this lawsuit, pre- and post-judgment interest as provided by law, and further relief as the Court may deem just and reasonable.

Respectfully submitted

MATTHEW CARLSON LAW

  //Matthew W. Carlson//
Matthew W. Carlson, #448905
P.O. Box 5775
Arlington, VA  22205
(703) 609-5944
mwc@matthewcarlsonlaw.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff respectfully requests a trial by jury on all issues so triable.

  //Matthew W. Carlson//